**RECORD NOS. 15-4201(L); 15-4205, 15-4215**

In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## SIKEO HARVELL BUTLER, a/k/a Keo; WILLIAM ONEAL WINFREY, a/k/a Joe; TERRANCE EDWARD STEWART, a/k/a Cheddar,

*Defendants – Appellants*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA AT GREENVILLE**

_____

### REPLY BRIEF OF APPELLANTS

_____

T. Kirk Truslow
ATTORNEY AT LAW
Post Office Box 238
North Myrtle Beach, South Carolina 29597
(843) 280-9438

*Counsel for Appellant Butler*

Jill E.M. HaLevi
MEDIATION & LEGAL SERVICES, LLC
102 Broad Street, Suite C
Charleston, South Carolina 29401
(843) 819-0557

*Counsel for Appellant Stewart*

Derek J. Enderlin
ROSS & ENDERLIN, PA
330 East Coffee Street
Greenville, South Carolina 29601
(864) 647-7205

*Counsel for Appellant Winfrey*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## Table of Contents

Page

Table of Authorities ................................................................. ii

Appellant William Winfrey ....................................................1

    Conflict in Representation at the Guilty Plea Hearing ...................1

    Winfrey Upward Variance...........................................................4

    Appellate Waiver ........................................................................6

Appellant Stewart....................................................................9

Certificate of Compliance

Certificate of Filing and Service

## Table of Authorities

Page(s)

<u>Cases</u>

*Berger v. United States,*
    295 U.S. 78 (1935)........................................................................ 2-3

*Irizarry v. United States,*
    554 U.S. 708 (2008)...........................................................................11

*Rita v. United States,*
    551 U.S. 338 (2007)...........................................................................10

*Setser v. United States,*
    132 S. Ct. 1463 (2012).......................................................................11

*United States v. Attar,*
    38 F.3d 727 (4th Cir. 1994) ................................................................8

*United States v. Brown,*
    232 F.3d 399 (4th Cir. 2000) .........................................................7, 8

*United States v. Engle,*
    592 F.3d 495 (4th Cir. 2010) ...........................................................10

*United States v. General,*
    278 F.3d 389 (4th Cir. 2002) .........................................................6, 7

*United States v. Gilliam,*
    975 F.2d 1050 (4th Cir. 1992) ...........................................................4

*United States v. Mead,*
    281 Fed. Appx. 208 (4th Cir. 2008) .................................................10

*United States v. Meares,*
    288 Fed. Appx. 892 (4th Cir. 2008) .................................................10

*United States v. Murraye*,
  596 Fed. Appx. 219 (4th Cir. 2015) ................................................................2

*United States v. Sutton*,
  208 Fed. Appx. 195 (4th Cir. 2006) .............................................................10

*United States v. Tatum*,
  943 F.2d 370 (4th Cir. 1991) ..........................................................................2

*United States v. Tognia*,
  579 Fed. Appx. 935 (11th Cir. 2014) .............................................................9

<u>Constitutional Provision</u>

U.S. Const. amend. VI ...........................................................................................8

<u>Statute</u>

18 U.S.C. § 3553 ...................................................................................................6

<u>Rules</u>

Fed. R. Crim. P. 11............................................................................................2, 3, 6

Fed. R. Crim. P. 32(e)(3) .................................................................................5, 6, 8

Fed. R. Crim. P. 44..........................................................................................3, 4

<u>Guideline</u>

U.S.S.G. § 5K2.21..............................................................................................10

<u>Appellant William Winfrey</u>

Conflict in Representation at the Guilty Plea Hearing

The Government makes the following statement in its brief:

"William makes much that Laron had a cooperation provision in his plea agreement and thus was 'actively cooperating with the government against William' and 'was agreeing to testify against William.' Appellants' Brief at 11 & 14. What William fails to mention is that both he and Laron chose to plead guilty and therefore Laron cooperating/testifying against William never occurred. The case did not go to trial. William is merely speculating on what Laron might have done had there been a jury trial."

For the Government to suggest to this Court that Laron was not cooperating with the Government is, at best, being oblivious to the truth; before Laron and William's simultaneous guilty plea, Laron had a plea agreement in which he agreed to cooperate with the Government. The Government made a motion for downward departure which specifically notes that Laron cooperated with the Federal Bureau of Investigation *before* his guilty plea regarding information relating to his codefendants, of which the Government alleged William was the leader. Furthermore, although Laron's guideline range was 188 to 235 months, the district judge specifically granted the motion for downward departure and sentenced him to 72 months. Surely the Government is not suggesting conflicts of interest only occur at trial.

This was not the only occasion the Government alleged, "*What William fails to mention* is that both he and Laron chose to plead guilty"; the Government also states, "*Appellants' Brief makes the situation sound as if there was a trial* where Laron was testifying against William and both were represented by the same lawyer. *This is inaccurate.*" [emphasis added]. William's argument spans pages 9 to 17 in the brief. Appellant mentions the plea, plea agreement, or Rule 11 colloquy at least seven times. Appellant's Brief p. 4, 10, 12, 13, 14. Indeed, on the very page the Government alleges we failed to mention William "chose to plea guilty", more than half of the page is dedicated to the inadequate Rule 11 colloquy. *Id*. 14.

The Government has a duty to inform the court of a conflict of interest. *United States v. Tatum*, 943 F.2d 370 (4th Cir. 1991): "[A]lthough the government attorney must prosecute with earnestness and vigor, he must also be faithful to his client's overriding interest that justice shall be done." (citations omitted). This Court recently reiterated that principle in *United States v. Murraye*, 596 Fed. Appx. 219 (4th Cir. 2015): "The United States Attorney's office would do well to remember that it is 'the representative … of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.' *Berger v. United States*, 295 U.S. 78, 88, 55 S. Ct. 629, 79

L. Ed. 1314 (1935). Thus, the Government should stand as a conservator of the plea process, not a silent beneficiary of shortcuts."

The Government's failure to advise the district judge of a potential conflict of interest, along with its denial to this Court that Laron was cooperating with the Government against William, is not only a failure on the Government's part to uphold its obligations, it is a clear indication of the lackadaisical attitude it has towards this guilty plea process which ultimately resulted in Appellant William Winfrey being sentenced to twenty years in prison. Furthermore, the Government completely failed to address William's argument that this error was exacerbated by the District Judge's failure to conduct an adequate Rule 11 colloquy, and the Government also failed to address Rule 44 which requires a judge to inquire about the propriety of joint representation.

The Government also misstates William's position as to whether the District Judge should have been on notice of the conflict by stating, "In the brief, William claims that his dispute as to one sentence in the Government's factual background constitutes an objection to Attorney Bouton standing in for Attorney Bennett." (Government Brief p. 13) William's actual claim is that his disagreement to the allegation that he directed Laron, "is equivalent to an objection, or at the least, 'special circumstances trigger[ing] the trial court's duty to inquire.'" The Brief then went on to list the special circumstances. (Appellants' Brief pp. 12-13). While

the Government repeatedly states William agreed with the facts of the case, in reality, the district judge never followed up on this response except to ask William's attorney whether William agreed as to his "involvement."

The fact that the Government has no concern about a defense attorney "standing-in" for another attorney in this situation shows the complete failure of the Government to understand its obligation to protect the guilty plea process. Given the special circumstances of this case and William's disagreement concerning his involvement in this case, William's guilty plea should be vacated. In the alternative, this Court could remand this case for a Rule 44 hearing. *United States v. Gilliam*, 975 F.2d 1050 (4th Cir. 1992).

Winfrey Upward Variance

Additionally, the Government is less than forthcoming in addressing the upward variance. The Government alleges, "The judge at one point did mistakenly state that the children were 'addicted' to drugs. (JA 224). The PSR, testimony, and statements from the district judge himself reveal that the children were not addicted, but tested positive for illegal drugs." Government Brief, p. 21. This statement is not only in direct contrast to what the judge said, it directly contradicts the language of the secret recommendation in the PSR – which the Government fails to mention or discuss – wherein the probation agent specifically alleged, "The parents have possibly inflicted these children with being drug addicts for the rest of

4

their lives." (See the Appellate Record, filed by the district judge which is also District Trial Document 365, page 179). In fact the district judge's sentence mirrors the probation agent's recommendation in this confidential report. The judge used the same "large scale drug dealer" language, and he followed the agent's exact recommendation in giving an additional 2 years for each child and a total of 240 months.

The Government in its brief not only fails to explain how "statements from the district judge himself reveal that the children were not addicted", it completely ignores the fact that the probation agent clearly suggested to the judge that the children might very well be addicted. The Government also fails to address the fact that this secret recommendation is in clear violation of Rule 32(e)(3) as well as the case law cited at Appellant's Brief, p. 34.

The Government also states that William Winfrey's case was different from his wife's case because she did not have a significant criminal record, was not a member of the Detroit Boys, and was a smaller player in the conspiracy. (Government Brief p. 22). However, those factors were all taken into consideration within his wife's guidelines recommendation. More importantly, the district judge specifically stated that he was giving Winfrey 2 years for each child, and not for any other reason. The district judge failed to adequately explain why he was giving

Winfrey 2 additional years for each child while at the same time he found Winfrey's wife's case a typical 3553 case that did not justifying any variance.[1]

## Appellate Waiver

The Government argues that Appellant William Winfrey's portion of the appeal should not go forward due to the appellate waiver. However, for an appeal waiver to be effective, "the record must show that the waiver was based upon a knowing and intelligent decision." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002). The waiver could not be based upon a knowing and intelligent decision because, as noted above, the entire guilty plea hearing was in violation of Rule 11. Additionally, it was unknown to William Winfrey or his attorney that the probation agent intended – in violation of Rule 32(e)(3) (as well as the case law cited at Appellant's Brief, p. 34 ) – to make secret allegations that Winfrey had potentially subjected his children to a lifetime of addiction.

In determining whether a plea was knowing and voluntary, this Court looks at the totality of the circumstances, "including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the

---

[1] The Government also notes the judge found William was lying about the police taking the pictures after they searched the house. William's wife also stated, "…in my family court, the officer, he did testify that all those pictures were taken after they searched my home." To which the Judge replied: "I understand that." JA 334. Regardless, it was clear from the judge's many statements, he held William's wife responsible for these conditions and the result, but failed to explain why her case was typical.

terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002). Winfrey disagrees with the Government's statement that he "lacked only two years to complete high school." (Government Brief p. 18). There is no indication that Winfrey completed the tenth grade and there was other evidence suggesting he dropped out of school at 14.

Furthermore, the district judge questioned William about waiving his ability to have his "guilty plea overturned by any statutory provision" (JA 93), but he failed to ask Winfrey whether he understood that he was giving up his right to challenge his sentence.[2] In fact, the district judge specifically told him that the probation office was required to prepare a Presentence Report and once the guidelines were finalized, he would be given a copy of that report and he specifically told Winfrey he was entitled to a hearing to resolve any objections to that report. (JA 94). There is no indication that the judge made sure Winfrey understood that he could not challenge the sentence. Compare to *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000) wherein the judge specifically noted the appellant could not appeal his sentence.

Even had the waiver been knowing, it was impossible for Winfrey or his attorney to know that the probation agent was including secret factual allegations

---

[2] Compare to co-defendant Butler's colloquy which specifically mentions giving up the right to appeal his sentence. (JA 141-142).

in a non-disclosed recommendation to the judge. Federal Rule of Criminal Procedure 32(e)(3) requires the PSR to be disclosed to the Defendant unless a local rule or order by the district judge allows for the sentencing recommendations not to be disclosed. Winfrey cannot find a local rule or order permitting such confidential recommendation, and the Government has failed to cite such a rule or order, or even acknowledge the rule in its brief. Therefore, it was impossible to know that the agent might make a secret recommendation that Winfrey would not have the opportunity to refute. It was impossible for him to knowingly and intelligently waive the right to challenge improper secret allegations.

Furthermore, even a knowing waiver will not bar the appeal of a sentence that is "based on a constitutionally impermissible factor such as race." *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000). This sentence was based on secret information not disclosed to Winfrey. Due Process demands notice of the evidence against the defendant and an ability to challenge that evidence. It requires an impartial judge that is not influenced by outside confidential sources. The error in this sentencing was clearly based on these impermissible constitutional violations.

The appeal waiver should not prohibit review because the appellant is challenging his plea based on a Sixth Amendment right to counsel and a violation of the Constitutional Due Process rights. *United States v. Attar*, 38 F.3d 727 (4th Cir. 1994). (The Court held a general appeal waiver did not preclude challenge

8

when the attorneys withdrew from representation after the plea, but before sentencing and the motion to withdraw the plea, because "the right to appeal sentence in plea agreement does not bar appellate review of a claim that the sentence was imposed in violation of certain 'fundamental and immutable' constitutional guarantees").

<u>Appellant Stewart</u>

The Government, in its Response Brief, mischaracterized Appellant Stewart's issues in its summary and merged the issues into one, thereby responding at times to issues different from those actually presented by Mr. Stewart. The issues as presented by Mr. Stewart are whether his sentence was reasonable as to:

      a.    Imposition of multiple increases in sentence based solely upon re-arrest;

      b.    Failure to consider any anticipated state court sentence or other non-federal time in custody for the re-arrest.

*Appellants' Brief*, *page 3*.

The Government cited an 11th Circuit case, *United States v. Tognia*, 579 Fed. Appx. 935 (11th Cir. 2014) as its sole basis for suggesting that double-counting is permissible. However, in addition to being an out-of-circuit case, *Tognia* is distinguishable from the instant case in that Ms. Tognia argued against an upward variance based on the fact that her criminal history incorporated punishment for

her *prior* (similar) offense, not for the *new* criminal conduct, as in Mr. Stewart's case. Therefore, it is not at all relevant to an assessment of Appellant Stewart's argument against double punishment. In his appellate brief, Stewart provided several 4th Circuit cases that were factually closer to the instant case (notably *United States v. Sutton*, 208 Fed. Appx. 195 at 196 (4th Cir. 2006); *United States v. Meares*, 288 Fed. Appx. 892 (4th Cir. 2008), referencing U.S.S.G. § 5K2.21; *United States v. Mead*, 281 Fed. Appx. 208 at 210 (4th Cir. 2008), and respectfully requests that the Court rely on these precedents rather than on the single and less similar 11th Circuit case cited by the Government.

Following its argument in favor of double-counting, the Government briefly argued that because the use of the term "departure" was only mentioned once by the judge during the sentencing hearing, clearly the intent was to impose an upward variance. This argument is one addressed at length in Appellant Stewart's initial brief. Additionally, it is important to note that the sentencing judge's explanation must be found to be sufficient "to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007)" *United States v. Engle*, 592 F.3d 495 (4th Cir. 2010). Given the use of the word "departure" by the sentencing judge, this Court should review the record carefully, as it is not facially

apparent that the judge knowingly imposed a sentence above the guidelines as a variance rather than as a departure. If it was in fact a departure, it was improper, as it was imposed without advance notice to the parties. *Irizarry v. United States*, 554 U.S. 708 (2008).

The Government in its brief asserted that *Setser v. United States*, 132 S. Ct. 1463 (2012), the same case relied upon by Appellant Stewart, stands for the proposition that while district courts have discretion regarding anticipated sentences, there is no requirement that courts address the issue, and therefore no harm is done when – as in the instant case – a district court fails to consider an anticipated sentence. The Government's argument does not recognize that such failure *could* be considered an abuse of discretion, and there is no attempt within its brief to analyze the factual circumstances present in the instant case in this regard.

It is respectfully requested that this Court conduct a thorough analysis as set forth in Appellant Stewart's initial brief, to determine whether failure to consider the anticipated sentence(s) Mr. Stewart was facing *in this case* constitutes an abuse of discretion. As noted within Appellant's brief, it is understood that this failure of consideration as to whether the sentence should run consecutive or concurrent will lead to Mr. Stewart serving both a 4-level enhanced federal sentence *and* a consecutive federal sentence to whatever sentence may be imposed in South

Carolina state court.  This will likely more than double Mr. Stewart's period of incarceration simply through what appears to be a lack of attention to the matter, as no mention was made of the issue of how or even whether to factor in Mr. Stewart's anticipated state court sentence during sentencing. This was plain error, affecting Mr. Stewart's fundamental rights, and cannot be considered harmless error.

Respectfully Submitted,

/s/ Jill E.M. HaLevi
Jill E.M. HaLevi
MEDIATION & LEGAL SERVICES, LLC
102 Broad Street, Suite C
Charleston, SC 29401
(843) 819-0557
ATTORNEY FOR APPELLANT STEWART

/s/ T. Kirk Truslow
T. Kirk Truslow
ATTORNEY AT LAW
Post Office Box 238
North Myrtle Beach, SC 29597
(843) 280-9438
ATTORNEY FOR APPELLANT BUTLER

/s/ Derek J. Enderlin
Derek J. Enderlin
ROSS AND ENDERLIN, PA
330 East Coffee Street
Greenville, SC 29601
(864) 647-7205 / Fax: (888) 850-3522
ATTORNEY FOR APPELLANT WINFREY

<u>Certificate of Compliance</u>

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*2,734*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: October 16, 2015          /s/ Jill E.M. HaLevi
                                 *Counsel for Appellant Stewart*

                                 /s/ T. Kirk Truslow
                                 *Counsel for Appellant Butler*

                                 /s/ Derek J. Enderlin
                                 *Counsel for Appellant Winfrey*

<u>Certificate of Filing and Service</u>

I hereby certify that on this 16th day of October, 2015, I caused this Reply Brief of Appellants to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Elizabeth J. Howard
> William J. Watkins, Jr.
> OFFICE OF THE U.S. ATTORNEY
> 55 Beattie Place, Suite 700
> Greenville, South Carolina  29601
> (864) 282-2144
>
> *Counsel for Appellee*

I further certify that on this 16th day of October, 2015, I caused the required copies of the Reply Brief of Appellants to be hand filed with the Clerk of the Court.

/s/ Jill E.M. HaLevi
*Counsel for Appellant Stewart*

/s/ T. Kirk Truslow
*Counsel for Appellant Butler*

/s/ Derek J. Enderlin
*Counsel for Appellant Winfrey*
